After rear-ending several cars on a public street, the defendant eventually abandoned his vehicle and proceeded on foot. When a State trooper and his police dog caught up with the defendant, he pulled a gun from his waistband and fired a shot in the direction of the trooper and the dog. As relevant here, the defendant was convicted of assault by means of a dangerous weapon, unlawful possession of a firearm, and possession of a firearm with a defaced serial number; he was acquitted, among other things, of armed assault with intent to murder. On appeal the defendant claims that the critical factual issue before the jury was whether he aimed his gun at the trooper, rather than the dog, and that a combination of trial errors unfairly prejudiced him as to that issue. He also claims that the Commonwealth failed to prove each element of the gun possession crimes, and that as to those crimes the jury instructions impermissibly allowed the jury to find guilt even absent proof of each element of the crimes. We affirm.
1. Background. Around midnight on April 30, 2016, two witnesses observed the defendant rear-end several vehicles stopped at a red light in Springfield. The defendant then attempted to flee in his partially disabled vehicle while the two witnesses followed in pursuit and called 911. The defendant eventually abandoned his vehicle and proceeded on foot.
Meanwhile, State Trooper David Stucenski, a K-9 officer, proceeded to the location identified in the 911 dispatch, and shortly thereafter encountered the defendant on foot. Trooper Stucenski ordered the defendant to stop, which prompted the defendant to start running. The trooper warned that he would release his dog, and when the defendant failed to respond, the trooper ordered the dog to "bite and hold" the defendant.
At trial Trooper Stucenski testified as follows: "[A]s K-9 Frankie began to close in on the suspect, the suspect stopped at a grassy area just off the sidewalk .... At that point, I saw the suspect stop, turn. He pulled a large silver revolver from his waistband, he pointed it directly at me, and he fired a round." The shot hit only the ground. Simultaneous to the gunshot the dog jumped on the defendant and took hold of his leg, which caused the defendant to drop the firearm and allowed Stucenski and another trooper, who had just arrived, to subdue the defendant.
The bullet and the gun were both recovered from the scene. A trooper trained in gathering firearm evidence testified that the bullet was found lodged in the dirt and that it appeared to have traveled at a "sharp downward angle." He further testified that the firearm's serial number had been "ground away," leaving it unreadable.
The defendant was indicted on charges of armed assault with intent to murder; three counts of assault by means of a dangerous weapon; possessing a firearm without a license, subsequent offense; carrying a loaded firearm; defacing the serial number of a firearm; negligent operation of a motor vehicle; leaving the scene of property damage; and wilful interference with a police dog. After trial he was convicted of the assault by means of a dangerous weapon charge with respect to Trooper Stucenski, the firearm offenses, and the motor vehicle offenses; he was acquitted of the remaining charges, including armed assault with intent to murder. The defendant was sentenced to a total of eight to ten years in State prison. He now appeals.
2. Discussion. 1. The assault by means of a dangerous weapon charge. The defendant first argues that a new trial is required due to a combination of alleged trial errors related to the factual issue of what the defendant was aiming at when he fired his gun. The defendant alleges three errors: (1) that Trooper Stucenski's testimony that the defendant pointed the gun at him, and not at the dog, was improper "opinion" testimony as to the defendant's "intent"; (2) that Stucenski improperly testified to an out-of-court hearsay statement that he made to dispatch shortly after the incident, to the effect that the defendant had taken "a shot at [him]"; and (3) that in closing the prosecutor misled the jury by suggesting that the firearm expert had not testified that the bullet had traveled at a "steep" downward angle. We are not persuaded.
First, Trooper Stucenski's testimony that the defendant "pointed [the gun] directly at me" was not objectionable. The trooper was a percipient witness. The testimony was elicited in response to the question, "And what happened as you pursued [the defendant]?" In response, the trooper testified to what he observed -- including the direction that the gun was pointing. The question did not call for an opinion, and the answer was not framed as opinion. Indeed the answer did not draw an objection. See Commonwealth v. Tracy, 349 Mass. 87, 95 (2013) (confirming admissibility of "statements of observed facts").
The trooper's testimony on redirect, in response to the question, "[Did] he point the gun at [the dog]," was no less proper. The question was once again a factual question, asked of a witness who was in a position to observe in which direction the gun was pointing. The defendant urges that this question actually solicited an opinion as to the defendant's intent, but on its face the question does not do so -- it asks whether the gun was pointed at the dog. It may be that both the trooper and the dog were arguably in the line of fire, such that discerning who the defendant was aiming at was not clear -- but such is the stuff of cross-examination; the trooper's testimony as to which direction the gun was pointing was not excludable "opinion."
The trooper's testimony concerning his statement to dispatch also does not give us pause. That testimony -- that the trooper told dispatch that the defendant took "a shot at me" -- was cumulative of the trooper's other trial testimony. It may well be that the trooper's out-of-court statement was admissible in any event in connection with the assault charge, to show state of mind on the issue whether the defendant's actions had placed the trooper reasonably in fear. We need not resolve the issue here, however. There was no objection to the testimony. We are satisfied that any error as to this testimony would not give rise to a substantial risk of a miscarriage of justice. Commonwealth v. Carroll, 439 Mass. 547, 557 (2003) (cumulative hearsay evidence did not create substantial risk of miscarriage of justice).
Finally, we also find no prejudicial error in the prosecutor's closing argument. Defense counsel had argued that the "steep downward angle" of the bullet indicated that the defendant was aiming at the dog. In response, the prosecutor stated:
"He [the defendant] doesn't have to be a good shot. I'm not suggesting to you he missed by much. You heard the testimony; it was within feet and [the firearm expert] testified it was a downward angle. It's your memory that controls, but I don't recall hearing the word 'steep.' "
The defendant claims this argument was materially misleading, because the firearm expert had testified to a "sharp" downward angle, arguably a synonym for "steep." We disagree that the argument was materially or prejudicially misleading. Even if the prosecutor's accurate statement was imperfect, it was properly preceded by the recognition that it was the jury's memory that controls. Argument in the trial setting is often pieced together hastily and will often be imperfect, which is one of the reasons jurors are instructed, as they were here, that argument is not evidence. We note, as well, that the argument drew no objection at the time. Commonwealth v. Degro, 432 Mass. 319, 325-326 (2000) (fact that no objection was made is indication that challenged arguments were not unfairly prejudicial). Such imperfections do not give rise to prejudicial error, let alone a substantial risk of a miscarriage of justice.
2. The firearm offenses. The defendant was also convicted of possession of a firearm with a defaced serial number and possession of a firearm without a license. In this court he argues (1) as to the defaced serial number charge, that the jury were improperly instructed such that they could find the defendant guilty of removing the serial number based solely on the fact that he possessed the gun with the defaced serial number, and (2) as to the unlicensed possession charge, that the Commonwealth failed to prove that the defendant was unlicensed to carry the gun, and that such proof should be required by law.
Neither of the above arguments was preserved in the trial court, so once again our review is for a substantial risk of a miscarriage of justice. In this case, however, we have the unusual circumstance that defense counsel actually conceded guilt as to each of the firearm charges that the defendant now seeks to overturn. Counsel argued:
"As I said at the outset, find him guilty, find Mr. Fofanah guilty of what he actually did and not what the prosecution says he did. Find him guilty of the traffic offenses. Find him guilty of having a gun with a mutilated or obliterated serial number. Find him guilty of having a loaded firearm. He's guilty of those things."
It is readily evident that this portion of counsel's argument was a calculated tactical decision. Counsel was focused on obtaining acquittal of the most serious charges, including armed assault with intent to murder. To that end, defense counsel offered the jury a compromise result by conceding guilt on the very charges the defendant now seeks to overturn, while also bolstering counsel's own credibility as to the facts, by conceding those issues that had not been contested. And the tactic succeeded in significant part, because the defendant was acquitted of the assault with intent to murder charge and two of the assault charges. Under the circumstances we cannot agree that the alleged errors in the instructions on the firearm charges, which defendant raises for the first time on appeal, can give rise to a substantial risk of a miscarriage of justice. The defendant should not be relieved of his tactical decision under these circumstances, and thus cannot claim error where none was claimed below. Commonwealth v. Boyd, 367 Mass. 169, 185-187 (1975) (challenge to jury instruction as to particular fact not well taken where fact was not controverted and defense counsel conceded fact during summation).
Judgments affirmed.